# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: June 11, 2024

```
* * * * * * * * * * * * * *
WILBERT L. TOWNSEND, SR.,          *     PUBLISHED
                                   *
         Petitioner,               *     No. 14-266V
                                   *
v.                                 *     Special Master Dorsey
                                   *
SECRETARY OF HEALTH                *     Interim Attorneys' Fees and Costs.
AND HUMAN SERVICES,                *
                                   *
         Respondent.               *
* * * * * * * * * * * * * *
```

James E. McCollum, Jr., McCollum & Associates, LLC, College Park, MD, for Petitioner.
Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On April 7, 2014, Wilbert L. Townsend, Sr. ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act," "the Program," or "the Act"), 42 U.S.C. § 300aa-10 et seq. (2018)[2] alleging that he suffered from multiple sclerosis ("MS") following the administration of an influenza ("flu") vaccination on October 4, 2011. Petition at 2 (ECF No. 1).

On February 1, 2024, Petitioner filed a motion for attorneys' fees and costs, requesting compensation for the attorney who worked on his case. Petitioner's Motion for Attorneys' Fees

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

and Costs ("Pet. Mot."), filed Feb. 1, 2024 (ECF No. 217).[3]  Petitioner's request can be summarized as follows:

**Attorneys' Fees** – $119,271.10
**Attorneys' Costs** – $38,091.37

Petitioner thus requests a total of $157,362.47.  Respondent filed his response on February 2, 2024, stating that he "defers to the Special Master or Court as to whether the statutory requirements have been satisfied."  Respondent's Response to Pet. Mot. ("Resp. Response"), filed Feb. 2, 2024, at 1 (ECF No. 218).  Petitioner did not file a reply.

This matter is now ripe for adjudication.  For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards $153,072.85 in attorneys' fees and costs.

I.   DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  § 15(e)(1).  When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id.  If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis.  Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).  Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  Id.  Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim."  Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears to have been brought in good faith and built on a reasonable basis.  Moreover, the undersigned finds that an award of interim attorneys' fees and costs is appropriate here where there the case has been pending since 2014, no interim attorneys' fees or costs have been awarded thus far, and there are significant fees to be paid.

---

[3] Petitioner filed this motion for attorneys' fees and costs while his case was pending before the Court of Federal Claims.  Petitioner did not indicate whether this motion was intended to be an interim motion for attorneys' fees and costs.  Judge Somers remanded Petitioner's motion for attorneys' fees and costs to the undersigned on February 22, 2024.  Opinion and Order dated Feb. 22, 2024 (ECF No. 219).  On April 25, 2024, Petitioner filed an appeal with the Federal Circuit.  Notice of Appeal, filed Apr. 25, 2024 (ECF No. 222).  Pursuant to this Court's order, Petitioner filed a status report requesting his motion for attorneys' fees and costs be adjudicated as an interim motion.  Order dated Apr. 26, 2024 (ECF No. 223); Pet. Status Report ("Rept."), filed May 17, 2024 (ECF No. 224).

### A.  Attorneys' Fees

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing the Petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  Saxton, 3 F.3d at 1521.

### 1.  Hourly Rates

Petitioner requests the following hourly rates for the work of his counsel: for Mr. James E. McCollum, Jr., $395.00 per hour for work performed from 2013 to 2023; and for Mr. Amit K. Sharma, $275.00 per hour for work performed from 2013 to 2023.  Petitioner also requests rates of $150.00 per hour for work of his counsel's legal assistants and $50.00 per hour for work of his counsel's legal externs from 2013 to 2023.

To date, neither of these attorneys have received awards for fees and costs in the Vaccine Program.  However, the undersigned finds the requested rates align with or are less than those referenced in the OSM Attorneys' Forum Hourly Rate Fee Schedule throughout the years the attorneys worked on this matter.[4]  The undersigned finds the requested rates reasonable and in accordance with what attorneys of similar experience have previously been awarded for their work in the Vaccine Program.  The undersigned also finds the requested rates for the legal assistants and legal interns are reasonable and in accordance with what has previously been awarded for similar experience.  The undersigned will therefore award those rates in full.

---

[4] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited June 10, 2024).

### 2. Reduction of Billable Hours

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989). Petitioner bears the burden of documenting the fees and costs claimed.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable. The billing entries accurately reflect the nature of the work performed and the undersigned does not find any of the entries to be objectionable. Respondent also has not indicated that he finds any of the entries to be objectionable either. Petitioner is therefore awarded final attorneys' fees of $119,271.10.

### B. Attorneys' Costs

Petitioner requests $38,091.37 for costs including legal research ($2,501.60), postage and delivery ($134.35), parking and travel ($30.00), copies ($110.10), the filing fee ($400.00), obtaining medical records ($519.37), service of process fees ($200.00), transcript ($794.20), and expert witness fees ($33,401.75). Pet. Mot., Affidavit at 2; Pet. Mot., Exhibit ("Ex.") 1 at 158-63. The undersigned finds these costs reasonable. Petitioner has provided adequate documentation for most of these costs.

However, Petitioner only provided adequate documentation for the services of his expert, Dr. Allen Rosenspire, and invoices from Elite Medical Experts and American Medical Forensic Specialties. Pet. Mot., Ex. 2 at 1-11. The undersigned will award the expert witness fees ($33,401.75) as well as the filing fee ($400.00). Petitioner did not include receipts for the remaining expenses, and therefore, will not be awarded for those expenses. Petitioner may re-request the remaining costs in his final fees motion along with documentation. Thus, the undersigned finds a reduction of $4,289.62[5] to be appropriate and awards $33,801.75 to Petitioner for attorneys' costs.[6]

---

[5] $2,501.60 + $134.35 + $30.00 + $110.10 + $519.37 + $200.00 + $794.20 = $4,289.62.

[6] $38,091.37 − $4,289.62 = $33,801.75.

## II.   CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Requested Attorneys' Fees: | $119,271.10 |
| Reduction of Attorneys' Fees: | - ($0.00) |
| Awarded Attorneys' Fees: | $119,271.10 |
| | |
| Requested Attorneys' Costs: | $38,091.37 |
| Reduction of Attorneys' Costs: | - ($4,289.62) |
| Awarded Attorneys' Costs: | $33,801.75 |
| **Total Attorneys' Fees and Costs:** | **$153,072.85** |

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $153,072.85, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. James E. McCollum, Jr.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[7]

**IT IS SO ORDERED.**

**s/ Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.